UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 19, 2018

LETTER TO COUNSEL:

    RE:    *Lawrence Whetstone v. Nancy A. Berryhill, Acting Commissioner of Social Security*
           Civil No. TJS-17-1150

Dear Counsel:

On April 26, 2017, the Plaintiff, Lawrence Whetstone ("Mr. Whetstone"), petitioned this Court to review the Social Security Administration's final decision to deny his claims for supplemental security income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 14 & 15.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In his application for SSI, Mr. Whetstone alleged a disability onset date of January 17, 2013. (Tr. 20.) His application was denied initially and on reconsideration. (Tr. 85-88, 94-95.) A hearing was held before an Administrative Law Judge ("ALJ") on February 17, 2016 (Tr. 36-60), and the ALJ found that Mr. Whetstone was not disabled under the Social Security Act. (Tr. 17-30.) The Appeals Council denied Mr. Whetstone's request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Mr. Whetstone claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Mr. Whetstone was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since January 17, 2013. (Tr. 11.) At step two, the ALJ found that Mr. Whetstone suffered from the following severe impairments: obesity, bipolar disorder, anxiety disorders, and major depressive disorder – recurrent, severe without psychosis. (*Id.*) At step three, the ALJ found that Mr. Whetstone's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404,

---

[1] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On November 27, 2017, the case was re-assigned to me.

Subpart P, App. 1 ("Listings"). (Tr. 23.) The ALJ determined that Mr. Whetstone retained the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can perform work that requires understanding, remembering, and carrying out very short, simple instructions; and can adapt to changes in the work setting frequently.

(Tr. 24.)

At step four, the ALJ determined that Mr. Whetstone had no past relevant work. (Tr. 29.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Mr. Whetstone can perform, including janitor and housekeeper. (Tr. 29-30.) Therefore, the ALJ found that Mr. Whetstone was not disabled under the Social Security Act. (Tr. 30.)

Mr. Whetstone raises two arguments in this appeal. First, he argues that the ALJ did not properly evaluate the medical opinions in the record. Second, he argues that the ALJ did not properly account for his moderate difficulties in maintaining concentration, persistence, and pace as required by *Mascio*, 780 F.3d 632.

After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ did not adequately account for Mr. Whetstone's limitations in concentration, persistence, and pace in the RFC determination. Because the ALJ did not properly assess Mr. Whetstone's RFC, the findings made in reliance on that RFC cannot be said to be based on substantial evidence. In light of these findings, I decline to address Mr. Whetstone's other argument.

Mr. Whetstone argues that the ALJ's RFC assessment fails to take into account his limitations in maintaining concentration, persistence, and pace. (ECF Nos. 14-2 at 23-27; 16 at 1-4.) In support of this argument, Mr. Whetstone relies on *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In this case, the ALJ discussed Mr. Whetstone's limitations with regard to concentration, persistence, and pace as part of the step two analysis. (Tr. 24.) The ALJ stated that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." (*Id.*) Although the ALJ did not explain the basis for this finding (and actually cited evidence that would undermine it), the finding that Mr. Whetstone has moderate difficulties with regard to concentration, persistence, and pace is supported by substantial evidence. (*See* Tr. 28, 54, 65, 67-68, 77, 370, 399, 413, 463, 483, 512, 644, 647.)

2

The ALJ's RFC assessment does not account for Mr. Whetstone's moderate limitations with regard to concentration, persistence, and pace. Although it limits Mr. Whetstone to performing "work that requires understanding, remembering, and carrying out very short, simple instructions." (Tr. 24), this limitation does not account for his moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Mr. Whetstone might be able to perform tasks for a short period of time but unable to sustain his performance for a full workday and workweek. Mr. Whetstone's ability to perform simple tasks and to follow short, simple instructions is not the same as his ability to stay on task. *See id.* Based on the record, the Court is unable to find that the ALJ's RFC assessment is an accurate characterization of Mr. Whetstone's ability to do sustained work-related physical and mental activities in a work setting on a *regular and continuing basis*. SSR 96–8p, 1996 WL 374184 (S.S.A. July 2, 1996).

The Commissioner argues that the ALJ properly accounted for Mr. Whetstone's moderate limitations in concentration, persistence, and pace by explaining that Mr. Whetstone's limitations in attention or concentration could be accommodated by limiting him to unskilled work. (ECF No. 15-1 at 11.) The Court is unable to locate this explanation in the ALJ's written decision. The Commissioner also argues that "the ALJ clearly found that Plaintiff only had issues with stress and changes in routine, which he accommodated . . . with limitations to short, simple instructions and adapting to changes only frequently." (*Id.* at 12.) The Court disagrees that the ALJ's finding is as clear as the Commissioner suggests on this point.

Alternatively, the Commissioner argues that to the extent that the ALJ erred in his evaluation of Mr. Whetstone's ability to maintain concentration, persistence, or pace, any such error is harmless. (ECF No. 15-1 at 13.) The Court cannot classify the error as harmless because the ALJ's written decision is insufficient to permit adequate review. Because the ALJ's RFC does not account for all of Mr. Whetstone's limitations, the Court cannot find that the RFC provides an accurate description of the work that he is able to do on a regular and continuing basis. In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Mr. Whetstone's limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). The Court makes no finding as to the merits of the ALJ's ultimate conclusion that Mr. Whetstone is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 14 & 15) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge